**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio-Nikolas Cuevas, | No. CV-22-01918-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Westlake Financial Services, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint will be dismissed with leave to amend.

**I.    Legal Standard**

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.*  Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

*Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

## II.     Analysis

The statement of claim, in its entirety, is as follows:

> September 08, 2020 me [sic] the natural person and consumer entered into a consumer credit transaction with Def. No. 2 Autosany of Gilbert. They deceived me and misused my credit. Within the contra [sic] it states I am giving security interest. Also there is a finance charge but Autosany insisted it was mandatory to get insurance which thats [sic] included in the finance charge. They also were [sic] gave me my recission forms. Defendant 1 and 2 mislead [sic] me and Def 1 continued to attempt to collect an alleged debt although its [sic] clear the amount financed covers the finance charge. They used misleading terms and without my permissible purpose shared my personal information with a 3rd party debt collector that garnished and sold my property. This damage affected my mental health and ability to take my disabled brother to his appointments.

(Doc. 1 at 4.)

In the "Relief" portion of the pro se complaint, Plaintiff wrote:

> As I sent in and got affidavits notarized exercising my right to rescind I stated how it would be impracticable and inequitable due to the fact that I use the car to take my brother whom [sic] is disabled to and from his appointments. Its [sic] affected and damaged our mental health as he is bipolar and has caused family arguments and my ability to make income being self employed. The amount of damages to be paid for them ruining my reputation in my neighborhood and all the other damages I demand $150,000 for the [ . . . ].[2]

(*Id.*)

The complaint cannot be served in its current state. Far from being a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed R. Civ. P. 8(a)(2), the statement of the claim is a combination of factual allegations that lack clarity and context (for example, "there is a finance charge but Autosany insisted it was mandatory to get insurance which thats [sic] included in the finance charge") and conclusory statements without a factual basis (for example, stating that a Defendant "deceived" Plaintiff and "misused" his credit). In short, it is impossible to discern what happened. There is no way to determine what causes of action are being raised, against which defendants, for what conduct. Rule 8 requires "simplicity, directness, and clarity," such that each defendant should easily be able to determine "what he is being sued for." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

The Court will dismiss the complaint with leave to amend. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

Plaintiff's amended complaint must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, Plaintiff is advised that the amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the amended complaint shall contain a short and plain statement

---

[2] The last few words of the final sentence appear to have been cut off when the handwritten document was scanned.

of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a good faith demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Finally, the Court orders that the complaint must be typed or legibly handwritten.

Plaintiff is advised that if the amended complaint fails to comply with the Court's instructions explained in this Order, the action may be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file another amended complaint if the first amended complaint is found to be deficient. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (*See* Notice to Self-Represented

1   Litigant, Doc. 5 at 7.)

2       Accordingly,

3       **IT IS ORDERED** that the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2) is **granted**.

5       **IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **dismissed** with leave to file an amended complaint by **January 13, 2023**. The amended complaint must adhere to LRCiv 7.1.

8       **IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint by **January 13, 2023**, the Clerk of Court shall terminate the action.

10       Dated this 15th day of December, 2022.

_____
Dominic W. Lanza
United States District Judge